UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IRENE JENKINS, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:11-CV-342 |
| V. | ) | (CAMPBELL/SHIRLEY) |
| | ) | |
| NOVARTIS PHARMECEUTICAL CORP., | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| SANDRA THORN, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:11-CV-373 |
| V. | ) | (CAMPBELL/SHIRLEY) |
| | ) | |
| NOVARTIS PHARMECEUTICAL CORP., | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

These cases are before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge referring the various Daubert challenges in these cases to the undersigned for disposition. The Court entered an Order on June 15, 2012, directing that the Plaintiffs appear before the Court, via counsel, to show cause why Dr. Robert Marx and Dr. Suzanne Parisian, two of the Plaintiffs' proffered expert witnesses, should not be excluded for being unable to attend a Daubert hearing scheduled for June 19, 2012.

Counsel appeared before the Court on June 19, 2012, for a show cause hearing, which the Court had set at the time originally designated to take up the Daubert challenges in this case. Present representing Plaintiff Jenkins was Attorney Robert Germany. Present representing Plaintiff Thorn was Attorney Terence Sweeney. Attorney Cary Bauer was also present on behalf

of the Plaintiff Thorn. Attorneys William Cople, Dwight Tarwater, and Robert Johnston were present representing the Defendant.

At the hearing, the Court heard from the parties, and for the reasons more fully stated at the hearing, the Court found that the Plaintiffs had demonstrated good cause for not excluding Dr. Robert Marx and Dr. Suzanne Parisian from testifying in this case. Among other things, the Court found that because the Jenkins case is not set for trial and the Thorn case is not set for trial until July of 2014, there was sufficient time in which to address the Daubert challenges. The Court, however, found that while the Defendants had not been legally prejudiced, they had been financially prejudiced in that they had made arrangements and preparations to appear at the Daubert hearing, which was cancelled because the Plaintiffs' attorney failed to secure the attendance of the proffered expert witnesses. Defendant's attorney now had to appear instead at the show cause hearing. The Court found that counsel for the Plaintiffs – specifically, Mr. Robert Germany – should pay the costs of Mr. William Cople appearing at the show cause hearing.

Further, the Court found that the cost-shifting issue previously presented to the Court – regarding who should pay costs for the Daubert hearing – is now moot, and that in light of the recent events in this case, the Court finds that Mr. Robert Germany will be responsible for the costs of presenting the testimony of Dr. Robert Marx and Dr. Suzanne Parisian at the Daubert hearing in this matter.

Accordingly, it is **ORDERED**:

1. Mr. Robert Germany **CONFER** with Dr. Robert Marx and Dr. Suzanne Parisian to determine *all* dates in September of 2012 that they are available to appear for a Daubert hearing in Knoxville, Tennessee;

2. Mr. Robert Germany **CONFER** with counsel for the Defendant to select a date from the dates provided by Dr. Robert Marx and Dr. Suzanne Parisian on which to hold the Daubert hearing;

3. Mr. Robert Germany **CONTACT** the chambers of the undersigned, with at least one attorney representing Defendant on the line or cc'ed on the correspondence, to convey the date selected to the Court;

4. Mr. Robert Germany **INSTRUCT** Dr. Robert Marx and Dr. Suzanne Parisian to hold open the date conveyed to the Court, and Mr. Robert Germany **BEAR** the travel costs entailed in presenting the testimony of Dr. Robert Marx and Dr. Suzanne Parisian to the Court in September of 2012;

5. Mr. William Cople **SUBMIT** proof of his travel expenses – but not his professional fees – incurred in attending the hearing on June 19, 2012, to Mr. Robert Germany;

6. Mr. Robert Germany **REIMBURSE** Mr. William Cople for his travel expenses as soon as possible after receiving the proof of his expenses; and

7. The Defendants have the option to take the deposition of Dr. Robert Marx on or before **August 20, 2012**, and if they elect to take the deposition of Dr. Marx, Mr. Robert Germany shall insure that Dr. Marx is available at the agreed upon date and time.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge