UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IRENE JENKINS, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:11-CV-342 |
| V. | ) | (CAMPBELL/SHIRLEY) |
| | ) | |
| NOVARTIS PHARMECEUTICAL CORP., | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| SANDRA THORN, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:11-CV-373 |
| V. | ) | (CAMPBELL/SHIRLEY) |
| | ) | |
| NOVARTIS PHARMECEUTICAL CORP., | ) | |
|     Defendant. | ) | |

## **MEMORANDUM AND ORDER**

These cases are before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge. Now before the Court is Plaintiffs' Motion to Quash Subpoenas Duces Tecum. The parties appeared before the Court for a hearing on July 25, 2012. Attorneys Robert Germany was present representing Plaintiff Irene Jenkins, and Attorney Terence Sweeney was present representing Plaintiff Sandra Thorn. Attorneys William Cople, Robert Johnston, and Phillip Busman were present representing the Defendant.

On June 25, 2012, Attorney Philip Busman executed a subpoena *duces tecum* on Robert Marx, D.D.S., ordering him to produce documents in Washington, D.C., on or before July 9, 2012. Attorney Busman executed a second subpoena *duces tecum* on June 29, 2012, requesting essentially the same production be made to the same address in Washington, D.C., on or before July 13, 2012. Both of the subpoenas cited the instant cases as the civil actions to which the

requests for documents related, but the subpoenas were issued by the United States District Court for the Southern District of Florida, not the Court for the District where production was to be made, see Fed. R. Civ. P. 45(a)(2)(c).

On July 9, 2012, Plaintiffs Irene Jenkins and Sandra Thorn filed the instant Motion to Quash, moving the Court to quash these subpoenas. The Motion to Quash was filed in the Eastern District of Tennessee, and it was referred to the undersigned on July 9, 2012.

Rule 45 of the Federal Rules of Civil Procedure directs that "the *issuing* court must quash or modify a subpoena" that does not allow a reasonable time to comply, requires a non-party to travel more than 100 miles, requires the disclosure of privileged information, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3) (emphasis added). The plain language of Rule 45 instructs that a motion to quash must be filed in the issuing court, and the Court of Appeals for the Sixth Circuit has explicitly held the same, stating, "The power to quash or modify the subpoena likewise resides with the issuing court." United States v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 468 (6th Cir. 2006).

The Plaintiffs' Motion to Quash moves this Court to quash subpoenas that were issued by the District Court for the Southern District of Florida. The power to quash or modify these subpoenas lies with the District Court of the Southern District of Florida. This Court lacks the authority to afford the requested relief.

Accordingly, the Motion to Quash **[Doc. 106 in No. 3:11-CV-342; Doc.113 in No. 3:11-CV-373]** is **DENIED**.  To the extent the Defendant's response can be interpreted as a cross motion relating back to the relief requested by Plaintiffs, it **[Doc. 113 in No. 3:11-CV-342; Doc.120 in No. 3:11-CV-373]** is also **DENIED**.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge