UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SANDRA THORN, | ) |
| | ) |
| Plaintiff, | ) |
| | )    No. 3:11-CV-373 |
| v. | )    (CAMPBELL/SHIRLEY) |
| | ) |
| NOVARTIS PHARMACEUTICALS CORP., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and referral of the District Judge. Now before the Court is Novartis Pharmaceuticals Corporation's *Daubert* Motion to Exclude Causation Testimony of Plaintiff's Experts in the *Thorn* Case [Doc. 31]. The Court now addresses Novartis's challenge to the testimony of William R. High, D.M.D.

Novartis argues that Dr. High, an oral surgeon who treated Plaintiff from August to October 2004, is not qualified to testify as to specific causation in this case because he lacks the requisite "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Novartis maintains that Dr. High admitted that he has never conducted research on ONJ or its causes. In support of its position, Novartis cites the Court to a variety of cases in which experts have been excluded from testifying to matters that they admit exceeds the scope of their expertise. *See In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1047 (D. Minn. 2007) ("If an expert is not qualified to opine in a particular area, and [the proffered expert] admits he is not qualified to provide opinions about a drug's comparative safety, such testimony is excluded under Daubert."); *Long v. Monaco Coach Corp.*, No. 3:04-CV-203, 2007 WL 4613000, at *5-6 (E.D.

Tenn. Sept. 27, 2007) (excluding expert offered to value motor coaches who "testified repeatedly that he was not an expert in the field of valuation").

Plaintiff responds that Dr. High is qualified to testify regarding the treatment and diagnosis of the Plaintiff's condition. See Deutsch v. Novartis Pharm. Corp., 3:08-0071 at 5-6 (M.D. Tenn.) (Aug. 13, 2009)(DE2798); Forman v. Novartis Pharm. Corp, 3:08-0069 at 5-6 (M.D. Tenn.)(Aug. 13, 2009)(DE2794). The Plaintiff represents that Dr. High "studied and researched bisphosphonates and osteonecrosis," in conjunction with other oral and maxillofacial surgeons in this case. [Doc. 46 at 14]. Plaintiff contends that Dr. High performed an appropriate differential diagnosis when Plaintiff presented at his office, and Plaintiff argues that, armed with this knowledge, Dr. High could "positively rule out her cancer [as a cause of her osteonecrosis] and determine Aredia caused her osteonecrosis." [Doc. 46 at 14]. Plaintiff maintains that Dr. High's testimony complies with Daubert and its progeny.

The Court has considered Rules 701 and 702 of the Federal Rules of Evidence and the standards outlined in applicable case law, including Daubert v. Merrell Dow Pharmeceuticals, Inc., 509 U.S. 579 (1993). The applicable standards are familiar to the parties and the Court and do not bear repeating here. With this law in mind, the Court has reviewed Dr. High's deposition, along with Dr. High's curriculum vitae [Doc. 45-22] and other relevant evidence presented to the Court .

Dr. High is a board-certified oral surgeon, who serves as a diplomat to the American Board of Oral and Maxillofacial Surgeons and is a member of the American College of Oral and Maxillofacial Surgeons. [See Doc. 45-22]. The Court finds that, pursuant to Rule 701, High may testify as to matters relating to his treatment of Plaintiff's ONJ and oral symptoms, including swelling and pain in the jaw. For example, Dr. High may testify regarding his

findings, examination, treatment, and diagnosis of Plaintiff's ONJ. Dr. High may also offer his opinion as to the origin of Plaintiff's ONJ based upon his differential diagnosis. To the extent a discussion of the Plaintiff's condition may, to a degree, entail testimony covered by Rule 702, the Court finds that this testimony is sufficiently reliable under Rule 702 and that Dr. High is qualified to offer such testimony under Rule 702.

Novartis argues that "Dr. High claimed no expertise on Aredia or ONJ and its causes," and Novartis equates the lack of asserted expertise to Dr. High stating conclusively that he is not an expert in the area. Dr. High admits that he did not conduct any independent research regarding bisphosphonates and further admits that he referred the Plaintiff to Dr. Eric Carlson because Dr. Carlson had more experience with the type of symptoms Plaintiff presented. High depo. at 20-21, 162, 165. The Court finds that these statements by Dr. High do not preclude him from testifying as to the differential diagnosis he performed in treating the Plaintiff.

The Court of Appeals has held that a "medical-causation opinion in the form of a doctor's differential diagnosis is reliable and admissible," where the doctor: (1) objectively obtains the nature of the patient's injuries, to the extent possible; (2) "rules in" one or more causes of the injury using a valid methodology; and (3) engages in "standard diagnostic techniques by which doctors normally rule out alternative causes" to reach a conclusion as to which cause is most likely. Best v. Lowe's Home Centers, Inc., 563 F.3d 171, 179 (6th Cir. 2009) (quoting In re Paoli Railroad Yard PCB Litig., 35 F.3d 717 (3d Cir. 1994)).

First, the Court finds that Dr. High objectively obtained the nature of the Plaintiff's injuries. Dr. High testified that he has experience treating individuals with ONJ. High Depo. at 173. He also testified that he is familiar with ONJ, which refers to "bone death," and its causes including chemicals and trauma. Id. at 176. Dr. High testified that he had treated at least one

other person who had bisphosphonate-related ONJ before the Plaintiff and had treated approximately 15-20 such persons overall. The Court finds that Dr. High was and is experienced and knowledgeable in recognizing ONJ and ONJ related to bisphosphonate use.

Dr. High obtained objective testing to confirm the presence of ONJ, including x-rays that he described as clearly evidencing ONJ. Id. at 107, 178. In addition, Dr. High performed a biopsy of her jaw bone and reviewed its pathology report. Id. at 113. Dr. High further ordered a CT scan and reviewed the radiology report of the CT scan. Id. at 117-19, 214. He also examined the Plaintiff on numerous occasions including a one-hour examination in August 2004. Id. at 120. He also participated as a co-surgeon in Plaintiff's jaw surgery. Id. at 128. Accordingly, the Court finds that Dr. High objectively obtained the nature of the patient's condition.

Second, the Court finds that Dr. High ruled in one or more causes of the condition using a valid methodology. Dr. High began with different etiologies for the Plaintiff's condition, including trauma, Aredia, multiple myeloma, or an immunocompromised condition. Id. at 198-200. Dr. High's ruling in of the different etiology was based upon his experience, observations, and specialized knowledge, and the Court finds it was based upon a valid methodology.

Finally, the Court finds Dr. High engaged in "standard diagnostic techniques by which doctors normally rule out alternative causes" to reach a conclusion as to which cause is most likely to have produced the Plaintiff's ONJ. Best, 563 F.3d at 179. The Court finds that Dr. High ruled out the potential etiologies using objective evidence and subjective reports. He found no evidence of trauma, High Depo. at 198, and considered her history of chemotherapy and accompanying immunosuppression to be a moderate factor, id. at 199. Dr. High testified that the Plaintiff's multiple myeloma and Aredia-use were high on his differential. Id. Dr. High testified

4

that ultimately his differential diagnosis lead him to conclude that Plaintiff's oral conditions were consistent with bisphosphonate-induced necrosis.  Id. at 132-33.

The Court finds that Dr. High completed an appropriate differential diagnosis to reach a conclusion as to which cause was most likely to have produced Plaintiff's ONJ.  Best, 563 F.3d at 179.  The Court finds that Dr. High may offer testimony at trial regarding his differential diagnosis.  The Defendant may cross-examine Dr. High regarding the faults or deficiencies Defendant perceives in this testimony, but Dr. High is clearly qualified to testify regarding his procedure in treating and diagnosing the Plaintiff.

Finally, with regard to specific causation, the Defendant argues that Dr. High should be precluded from testifying as to specific causation.  [Doc. 32 at 9-11].  The Defendant does not, however, cite the Court to any specific causation testimony to which it objects.  The Court has reviewed Dr. High's entire deposition, and the Court finds that Dr. High answered questions as to specific causation, see High Depo. at 139-41, and provided the basis for his opinion.  The Court declines to exclude Dr. High from testifying as to specific causation, because the testimony above, only indicates that he could not state his opinion with 100% certainty – a standard not required for such testimony.  Dr. High may offer testimony of his differential diagnosis and what he found to be the most likely cause of Plaintiff's ONJ.  To the extent the Plaintiff attempts to elicit any additional specific causation opinion testimony from Dr. High at trial, the Defendant's objection to such testimony may be posed to the District Judge, who will have the opportunity to evaluate the specific question asked and the context of the inquiry.

In sum, the Court finds that Dr. High is qualified to testify as to his treatment and differential diagnosis of the Plaintiff.  The undersigned finds that this ruling accords with Judge Todd Campbell's discussion of similar evidentiary issues in the Multidistrict Litigation.  In re

<u>Aredia and Zometa, Products Liability Litigation</u>, Case No. 3:06-md-1760, Doc. 2798 (Aug. 13, 2009).  Wherein Judge Campbell reiterated, "A medical doctor is generally competent to testify regarding matters within his or her own professional experience. When, however, the doctor strays from such professional knowledge, his or her testimony becomes less reliable and more likely to be excluded under Rule 702."  <u>Id.</u> (internal citations omitted).

Accordingly, with regard to William R. High, D.M.D., Novartis's Daubert Motion to Exclude Causation Testimony of Plaintiff's Experts in the Thorn Case **[Doc. 31]** is **DENIED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** to the extent stated above.  Where appropriate, the Defendant may renew its objection to causation testimony at trial.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge