UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SANDRA THORN,                                    )
                                                 )
          Plaintiff,                             )
                                                 )          No. 3:11-CV-373
v.                                               )          (CAMPBELL/SHIRLEY)
                                                 )
NOVARTIS PHARMACEUTICALS CORP.,                  )
                                                 )
          Defendant.                             )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and referral of the District Judge. Now before the Court is Plaintiff's "Notice of Motion to Quash the Subpoena of Donna Bates, R.N." [Doc. 155], (hereinafter "Motion to Quash"). For the reasons stated herein, the Motion to Quash will be **DENIED**.

**I.    BACKGROUND AND POSITIONS OF THE PARTIES**

On April 18, 2013, counsel for the Defendant provided counsel for the Plaintiff a copy of a subpoena that Defendant intended to serve on Donna Bates, R.N. The subpoena commanded that Ms. Bates appear for a deposition to testify as to her "knowledge relating to any infusions of Pamidronate and/or Aredia received by Sandra Thorn[, Plaintiff,] while [Ms. Bates] was working for Cancer Care of East Tennessee, Tennessee Cancer Specialists, or any related entity from 2002 and 2004." [Doc. 155-2 at 2].

On May 22, 2014, the Plaintiff filed the Motion to Quash [Doc. 155], which moves the Court to quash the subpoena that was proposed to be served on Ms. Bates. Plaintiff argues that an order from this case's period in MDL 1760 governs the deadlines in the instant case and

barred discovery after February 4, 2011. [Id. at 1]. In addition, Plaintiff argues that Ms. Bates's memory of the events at issue will be unreliable, because the events transpired over nine years ago. [Id.].

Defendant argues that Ms. Bates's testimony is probative of the material and dispositive issue of whether Plaintiff actually took Defendant's brand-name product: Aredia. [Doc. 156 at 1]. Defendant responds that Plaintiff bears the burden of proving that the Plaintiff received Defendant's drug Aredia as opposed to generic pamidronate, which was manufactured by another entity. [Id. at 2]. Plaintiff was treated by Richard Antonucci, an oncologist in Knoxville, Tennessee. Defendant submits that records from Plaintiff's treatment with Dr. Antonucci mention both Aredia and pamidronate. [Id. at 2-3]. Defendant asked Dr. Antonucci about these entries during his deposition, but Dr. Antonucci stated that he did not differentiate between Aredia and pamidronate in writing prescriptions. [Id. at 3]. Defendant submits that Ms. Bates dealt with the pharmaceutical supplier at Dr. Antonucci's office, supervised the formulary, and thus, is likely to have relevant information. [See id.].

Defendant maintains that: the discovery at issue is relevant; the deadline for taking discovery in this case pursuant to the Scheduling Order is May 16, 2014; there is little danger that allowing this discovery will yield a slippery-slope of discovery requests in this case and other cases; Plaintiff has not objected to similar discovery requests; Plaintiff will not be prejudiced by Ms. Bates's deposition taking place; and Plaintiff merely speculates that Ms. Bates's testimony will be unreliable. [Id. at 5-6].

The Court heard oral arguments from the parties, and thereafter, the Court permitted the parties to file supplemental briefing on this issue. The Court finds that the issue presented to the Court is now ripe for adjudication.

## II. ANALYSIS

The Court has considered the parties' positions, applicable law, and the procedural posture of this case.

*A. Procedural Posture*

As an initial matter, the Court finds that the procedural posture of this matter is unique in two ways. First, it appears that the subpoena at issue has not actually been served on Ms. Bates. Instead, it has been proposed for service on Ms. Bates. Thus, the request to quash an un-served subpoena is arguably procedurally defective. Notwithstanding, the Court finds that requiring the Defendant to actually serve Ms. Bates and then allowing the Plaintiff to re-argue its position would be a waste of resources. Moreover, neither party has taken the position that the Court should delay decision on this issue until after Ms. Bates is served.

Accordingly, the Court will address the substance of the parties' positions through a ruling upon the Motion to Quash, even if the Motion to Quash is not necessarily in the appropriate posture.

*B. Plaintiff's Standing*

Second, the Court finds that Plaintiff arguably lacks standing to object to a subpoena to a third-party.

"Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 590 (D. Kan. 2003) (citation omitted); see Mann v. Univ. of Cincinnati, Nos. 95–3195, 95–3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997). "The only basis upon which a party could have standing to quash a non-party subpoena would be a claim or personal right or privilege." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5

(S.D. Ohio Jan. 14, 2013) (citing Hackmann v. Auto Owners, Ins. Co., 2009 WL 330314 (S.D. Ohio Feb.6, 2009); Donahoo v. Ohio Dept. Of Youth Services, 211 F.R.D. 303, 306 (N.D. Ohio 2002)).

The Court finds that the Plaintiff has not asserted any claim or personal right or privilege in the deposition testimony that Ms. Bates would provide. Thus, the Court would normally find that the Plaintiff lacks standing to object to the subpoena. In reviewing the Motion to Quash, the Court finds that, while the motion is entitled "Motion to Quash," it is actually a motion for protective order or a motion to limit discovery. Because the Plaintiff's objections address the timeliness of the discovery sought and the relevance of the discovery to this matter – as opposed to the appropriateness of the discovery under Rule 45 – the Court finds that the Plaintiff has standing to argue against the subpoena.

C.     *Close of Discovery*

The Court turns next to the issue of whether the period for discovery is closed. The Court acknowledges that the MDL Order entered by Magistrate Judge Joe Brown indicated that fact discovery in this case and other cases within Wave II of the MDL was to be completed on or before February 4, 2011. [Doc. 155]. Notwithstanding, on January 23, 2012, the District Judge assigned to the instant case in the Eastern District of Tennessee entered a Scheduling Order [Doc. 69], which set this matter for trial on July 15, 2014, and set the close of discovery in this case for May 16, 2014. The Plaintiff did not object to the Scheduling Order, nor did she object to the re-opening of discovery implied therein. Instead, the Plaintiff allowed over a year to pass, and only argued that discovery was closed when the instant subpoena was proposed.

The Court finds that the Scheduling Order entered by the District Judge on January 23, 2012, governs the discovery deadline in this case. The Court finds that the Scheduling Order is

4

the last-filed order on this issue, and it governs the deadline for discovery in this case. In addition, the Court finds that the Plaintiff has waived any objection she had to the re-opening of discovery in this case. Further, the Court finds that the subpoena now at issue is tailored in a manner that it is not out of the bounds of discovery the Plaintiff should have expected might result from the District Judge's re-opening of discovery. Accordingly, the Court finds that the subpoena to be served upon Ms. Bates is timely.

D.      *Reliability*

Next, the Court finds that the Plaintiff's argument that Ms. Bates's testimony will be speculative or unreliable is premature and does not support limiting discovery.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

In the instant case, the Court finds that the deposition proposed is reasonably calculated to lead to the discovery of admissible evidence. When Ms. Bates's memory of the Plaintiff is refreshed she is likely to remember information that is likely to demonstrate that a fact at issue in this case – specifically, the Plaintiff's use of Aredia – is more or less probable than it would be without her testimony. Thus, the Court finds that Ms. Bates's testimony is relevant to this case and is discoverable.

If, after taking the deposition, the Plaintiff believes that Ms. Bates's testimony is speculative and is not likely to aid the trier of fact, the Plaintiff may file an appropriate motion *in limine* addressing any such issues. The Court declines, however, to rule at this juncture that the

5

Ms. Bates's deposition testimony is *certain* to be speculative and that, as a result, her deposition should not be completed.

### E. *Prejudice*

The Court finds that the Plaintiff will not be prejudiced by this additional discovery for two reasons. First, the Court finds that, as a general matter, discovery continues even when dispositive motions have been filed, absent a unique circumstance. The Court finds that the fact that dispositive motions are outstanding in this case does not form a basis for denying the Defendant the opportunity to depose Ms. Bates. Second, the Court will direct the Defendant to complete the deposition on or before February 15, 2014. Thus, the deposition will be concluded approximately five months prior to this case proceeding to trial and approximately three months before the close of discovery. The Plaintiff will be afforded a sufficient opportunity to consider Ms. Bates's testimony and/or obtain her own discovery on this issue. Accordingly, the Court finds that allowing the Defendant to depose Ms. Bates will not prejudice the Defendant.

### F. *MDL Slippery Slope*

Finally, this Memorandum and Order addresses the unique issues presented herein. Specifically, this Court's ruling is not a universal or generic pronouncement on post-MDL discovery either in the cases that originated from the same MDL as this case did or in MDL cases in general. The Court finds that a "slippery slope" of ever escalating discovery practices that will envelope and nullify the whole goal of MDL litigation is not likely to result from this ruling, nor should the parties or any other litigant interpret this Memorandum and Order as inviting such a de-escalation.

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion to Quash **[Doc. 155]** is not well-taken, and it is **DENIED**. Defendant **SHALL SERVE** Ms. Bates with the notice of deposition proposed on or before **January 15, 2014**, and the deposition shall be completed on or before **February 15, 2014.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge